UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN KNASEL, individually,

    Plaintiff,

v.

SFW PARTNERS, LLC, a Missouri limited liability company, STEPHEN R. SHAPIRO, RICHARD M. FLOM, and LANCE G. WEISS,

    Defendants.

Case No. 2:26-cv-206

## COMPLAINT

Plaintiff, KEVIN KNASEL, individually ("Plaintiff"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, bring this Complaint against Defendant, SFW PARTNERS, LLC, a Missouri limited liability company, ("Defendant"), and state as follows:

## PARTIES

1. Plaintiff, Kevin Knasel ("Mr. Knasel"), is an individual domiciled in Naples, Collier County, Florida.

2. Defendant SFW Partners, LLC ("SFW") is a Missouri limited liability company, licensed to provide accounting and tax preparation services as a certified public accounting ("CPA") firm, with its principal place of business in St. Louis, Missouri.

1

3.     Defendant Stephen R. Shapiro is a natural person who is, upon information and belief, a citizen of the State of Missouri. Mr. Shapiro is domiciled in Missouri in that he maintains his true, fixed, and permanent home in Missouri and intends to remain there indefinitely. Public records, among other materials, reflect that Mr. Shapiro's primary and current residence is 15364 Oaktree Estates Drive, Chesterfield, Missouri 63017, a residential property located in St. Louis County, Missouri, where he has resided continuously since at least 2006, and which constitutes his domicile.

4.     Defendant Richard M. Flom is a natural person who is, upon information and belief, a citizen of the State of Missouri. Mr. Flom is domiciled in Missouri in that he maintains his true, fixed, and permanent home in Missouri and intends to remain there indefinitely. Publicly available records, among other materials, reflect that Mr. Flom has resided continuously for more than twenty years at 335 North Meramec Avenue, Unit 211, St. Louis, Missouri 63105, located in St. Louis County, Missouri, which constitutes his primary residence and domicile.

5.     Defendant Lance G. Weiss is a natural person who is, upon information and belief, a citizen of the State of Missouri. Mr. Weiss is domiciled in Missouri in that he maintains his true, fixed, and permanent home in Missouri and intends to remain there indefinitely. Investigative records identify Mr. Weiss's primary and current residence as 10757 Roanna Lane, St. Louis, Missouri 63128,

located in St. Louis County, Missouri, where he has resided continuously since at least 1999, and which constitutes his domicile.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

7. Venue is proper in the Middle District of Florida, Fort Myers Division, because a substantial part of the events and damages giving rise to this action occurred in this District, including damages incurred by Knasel, a Florida resident, in his individual capacity.

## GENERAL ALLEGATIONS

8. Plaintiff engaged Defendant, a licensed CPA firm, to provide tax and attest services for Mr. Knasel.

9. Defendant routinely prepared federal and state tax returns, audits, and reviews for these entities, as confirmed by written engagement letters issued by SFW on an annual basis, and invoices issued more regularly and paid upon receipt. True and correct copies of the engagement agreements are attached hereto as **Exhibit "A."**

10. Although the engagement letters purported to limit scope, SFW in practice undertook responsibility for the full suite of tax services for all entities owned by Knasel, including preparation and filing of federal and state returns,

3

audits, and reviews.

11. Defendant holds itself out as experts in tax strategy, compliance, and attest functions, having provided such services for more than fifty-five (55) years.

12. The provision of tax strategy, compliance, and attest functions each require extensive academic training and licensing by a governmental entity.

13. Defendant claims that its individual "team members have expertise in tax strategies and compliance as well as attest functions, including audits, reviews, compilations, and specialized industry procedures."

14. At all times relevant to this Complaint and up until February 2025, Plaintiff did not maintain expertise in tax strategies, compliance, or attest functions, or employed a person who maintained expertise in such tax strategies, compliance, or attest functions.

15. Plaintiff therefore relied upon SFW's specialized knowledge and professional obligations as a licensed CPA firm to perform these services competently, diligently, skillfully, with reasonable expediency, and in accordance with professional standards and the expertise level to which Defendant holds itself out to have.

16. SFW breached these duties through repeated instances of professional negligence, including failing to timely complete its services, misdirecting communications, failing to properly calculate and communicate estimated tax obligations, failing to properly report ownership percentages after reviewing

4

the associated documentation, failing to provide well-known tax strategies to gratuitous transfers, failing to properly report and include business entities on tax returns, and failing to timely file tax returns. In the aggregate, these failures resulted in substantial penalties, overpayments, and exposure to additional liability.

17. Branson's Nantucket, LLC ("Branson's Nantucket"), one of Mr. Knasel's affiliated entities, was also a significant subject of SFW's work. SFW was engaged to perform audits and prepare related federal tax filings for Branson's Nantucket. Notwithstanding explicit instructions from Mr. Knasel, SFW repeatedly misdirected audit-related communications and failed to complete the audit before the tax filing deadline.

18. SFW instead filed a draft tax return and later charged Branson's Nantucket for amendments, causing the entity to incur substantial costs and penalties. These failures in turn directly increased Mr. Knasel's individual tax liabilities given his ownership interests.

19. Moreover, SFW prepared gift tax returns for Mr. Knasel relating to transfers of nonvoting stock in Branson's Nantucket but failed to apply standard valuation discounts. As such, Mr. Knasel was exposed to unnecessary future estate tax liability.

20. The total damages from SFW's negligence exceed $3,081,855.21, exclusive of attorneys' fees, and are projected to increase as additional liabilities

accrue.

21. All conditions precedent to the filing of this action have been performed, waived, or otherwise satisfied.

22. Plaintiff has retained the law firm of Boatman Ricci and is obligated to pay it a reasonable fee.

## COUNT I – PROFESSIONAL NEGLIGENCE
### (KEVIN KNASEL, INDIVIDUALLY)

23. Plaintiff re-alleges paragraphs 1-22 as if the allegations had been fully restated herein.

24. SFW was engaged to prepare and file Mr. Knasel's individual tax returns on an annual basis beginning with the 2019 tax year, and SFW was paid to prepare and file Mr. Knasel's gift tax returns as needed.

25. In connection with the income tax engagement, SFW was responsible for ensuring that all relevant income and business activities of Mr. Knasel were accurately reported.

26. During its preparation of Mr. Knasel's income tax return, SFW failed to include the operations of Everglades Investment, LLC and BTM Marketing, LLC on Schedule C of Mr. Knasel's personal tax returns, despite ample evidence of their existence and activity.

27. Emails sent by multiple employees of Everglades Investment to SFW bore Everglades Investment, LLC signature blocks, and financial activity relating

to both entities was apparent in Mr. Knasel's business portfolio, evinced by inclusion of W-2 wages on Mr. Knasel's individual income tax return. True and accurate copies of the foregoing emails are attached hereto as **Exhibit "B."**

28. Notwithstanding these facts, SFW never made the basic inquiry or included the entities in the filings.

29. As a direct consequence of this omission, Mr. Knasel's taxable income was overstated, causing him to overpay federal income taxes by approximately $482,005.00 across the 2022 and 2023 tax years.

30. Moreover, Mr. Knasel was also deprived of the time value of money associated with these overpayments, which at an 8% interest rate with all investment beginning in October 2023 would yield $90,895.91 in lost time value of money.

31. After Knasel requested that SFW amend his 2022 tax return to account for these entities, SFW failed to disclose the previously missing entities in the statement to Form 8995-A.

32. Form 8995-A is used to report the Section 199A deduction and permits taxpayers to aggregate multiple businesses in computing the permissible deduction.

33. For all years prior to 2022 during which SFW prepared tax returns for Mr. Knasel's businesses, such businesses were properly aggregated and disclosed for the purposes of quantifying the deduction permissible under Section 199A.

34. When proper disclosures are made with respect to Form 8995-A, the Internal Revenue Service does not have discretionary authority to disaggregate businesses for purposes of computing Section 199A deductions.

35. When proper disclosures are not made with respect to Form 8995-A, the Internal Revenue Service has discretionary authority to disaggregate the businesses for purposes of computing Section 199A deductions.

36. As a result of SFW's failure to disclose the previously missing entities on the statement to Form 8995-A on the 2022 amended tax return, the Internal Revenue Service gained discretionary authority to disaggregate the businesses for purposes of calculating the permissible deduction under Section 199A.

37. The Internal Revenue Service exercised this discretionary authority, and reduced the Section 199A available to Mr. Knasel, which in turn caused Knasel to incur an additional $1,300,000 in taxes payable and another $313,000 in associated interest for the 2022 tax year.

38. Second, SFW prepared the gift tax returns on behalf of Kevin K. and Susan M. Knasel, formally documenting to the Internal Revenue Service three distinct transfers of 10% nonvoting interest in Branson's Nantucket LLC (30% nonvoting interests in the aggregate) to irrevocable grantor trusts held for the benefit of Garrett Knasel, Maria Knasel, and Justin Knasel.

39. Gift tax returns are filed on Form 709.

40. The Internal Revenue Service's instructions for Form 709 indicate that

Line A of Schedule A permits discounts for lack of marketability, and/or a minority interest, amongst other discounts.

41. SFW – which holds itself out to be experts in tax strategy - disregarded the instructions of Form 709 by failing to apply these discounts.

42. As a result of SFW's failure to follow Internal Revenue Service form instructions, Mr. Knasel lost over $2,239,886 in future gift and estate tax credits (equating to $895,954.40 in additional tax upon the completion of any gratuitous transfer above the annual exclusion limit).

43. SFW owed Mr. Knasel a duty to exercise reasonable care and professional competence in preparing his individual and gift tax returns.

44. Defendant breached its duty by failing to include Everglades Investment, LLC and BTM Marketing LLC on his Schedule C filings notwithstanding obvious evidence of their activity, miscalculating the qualified business income deduction under Internal Revenue Code Section 199A, and failing to follow the instructions for Form 709.

45. These breaches directly and proximately caused Mr. Knasel to incur significant penalties, interest, overpayments, and lost investment value. Had SFW performed its obligations with reasonable care, none of these damages would have been sustained.

46. Mr. Knasel has suffered damages including but not limited to $482,005.00 in overpaid federal taxes due to omitted entities; $1,613,000 in

additional taxes and interest due to improper amended return disclosures; $895,954.40 in future additional estate taxes due to the failure to apply standard discounts to the gift of nonvoting stock; and $90,895.91 in lost time value of funds, for a total in excess of $3,081,855.21.

WHEREFORE, Plaintiff, KEVIN KNASEL, respectfully requests this Honorable Court enter judgment against the Defendant, SFW PARTNERS, LLC, for damages, costs of this suit, and all other relief that the Court deems proper.

                                     **BOATMAN RICCI**

                              */s/ Stephen C. Schahrer*
                              **Stephen C. Schahrer, Esq.**
                              Fla. Bar No. 1010415
                              **Alexander Rabinowitz, Esq.**
                              Fla. Bar No. 1059394
                              3021 Airport-Pulling Rd. N., Suite 202
                              Naples, Florida 34105
                              Email:CourtFilings@boatmanricci.com
                              (239) 330-1494 – Telephone
                              *Attorneys for Plaintiff*