UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN KNASEL,

      Plaintiff,

v.

      Case No.:  2:26-cv-206-SPC-NPM

SFW PARTNERS, LLC, STEPHEN
R. SHAPIRO, RICHARD M. FLOM,
and LANCE G. WEISS,

      Defendants.

_____

**<u>ORDER</u>**

Before the Court is Plaintiff Kevin Knasel's Complaint.  (Doc. 1).  As outlined below, the Court dismisses without prejudice Plaintiff's complaint for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).  Plaintiff seeks to bring this action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. 1 ¶ 6).  "In a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is

completely diverse." *Kunce v. SPM of Ala., LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025).

Defendant SFW Partners, LLC is a limited liability company. Thus, it is a citizen of every state in which one of its members is domiciled. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Each of SFW Partners' members must be diverse from Plaintiff for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224–25 (11th Cir. 2013). When dealing with a limited liability company, it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship. *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021). This is the case no matter how many layers are involved. *Purchasing Power, LLC v. Bluestem Brands, LLC,* 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

To establish SFW Partners' citizenship, Plaintiff alleges that it is "a Missouri limited liability company, licensed to provide accounting and tax preparation services as a certified public accounting ("CPA") firm, with its principal place of business in St. Louis, Missouri." (Doc. 1 ¶ 2). But this does

nothing to establish SFW Partners' citizenship. *See Bander v. Aerovanti, Inc*, No. 8:23-CV-01894-MSS-AAS, 2024 WL 2833723, at *3 (M.D. Fla. June 4, 2024) ("[F]or purposes of diversity jurisdiction, the limited liability companies' states of incorporation and principal places of business are irrelevant."). Because Plaintiff has not properly established SFW Partners' citizenship, the Court's jurisdiction is uncertain.

This deficiency is more than a mere blunder on Plaintiff's part. A few months ago, Plaintiff (represented by the same counsel) brought this same action. *See Knasel v. SFW Partners, LLC*, No. 2:25-cv-979-SPC-DNF. In his complaint there, Plaintiff made the same jurisdictional allegation for SFW Partners as he does here. *Id.* at Doc. 1. The Court explained to him how to determine an LLC's citizenship and directed him to supplement his complaint to properly establish SFW Partners' citizenship. *Id.* at Doc. 7. After his attempt to do so failed, the Court dismissed the case. *Knasel v. SFW Partners, LLC*, No. 2:25-CV-979-SPC-DNF, 2025 WL 3153438, at *1 (M.D. Fla. Nov. 12, 2025). Despite his previous errors and painstaking instruction from the Court, Plaintiff files this new action with the same deficient jurisdictional allegation. And given an LLC's citizenship is a rudimentary standard to begin with, Plaintiff's jurisdictional deficiency here cannot be written off as a reasonable mistake.

Plaintiff's complaint suffers from additional defects.  For instance, the caption identifies four defendants, and Plaintiff alleges the citizenship of the other three defendants as if they are parties to this case.  Yet Plaintiff states in the complaint's opening paragraph that he "bring[s] this Complaint against Defendant, SFW Partners, LLC," the general allegations refer to conduct of a single "Defendant," and Plaintiff requests judgment against only SFW Partners, LLC in the wherefore clause.  (Doc. 1) So it is unclear what the other three defendants have to do with this case, given that the Plaintiff does not allege any conduct by them or seek judgment against them.

Plaintiff's latest complaint is the sort of "colossal waste of time and effort" for everyone involved that the Court previously warned Plaintiff about. *See Knasel*, 2025 WL 3153438, at *2 (quoting *Purchasing Power*, 851 F.3d at 1228).  Because Plaintiff failed to show diversity of citizenship—for the third time and despite prior Court instruction—and his complaint is otherwise defective, the Court dismisses this case.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice.**

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

4

3. If Plaintiff refiles this case with similar pleading deficiencies, he or his counsel may be subject to sanctions.

**DONE** and **ORDERED** in Fort Myers, Florida on February 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5